COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX COUNTY*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Evolved Karomac Vision Corporation vs. Majority Holdings International BT LLC et al.

CL-2018-0017993

TO: Timothy R King
930 Tahoe Boulevard Suite 802-293
Incline Village NV 89451

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on December 21, 2018.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney: Zach Miller


EXHIBIT 1A

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
CIVIL INTAKE
2018 DEC 20 PM 2:
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| EVOLVED KAROMAC VISION CORPORATION ) <br> c/o McClanahan Powers ) <br> 8133 Leesburg Pike, Suite 130 ) <br> Vienna, Virginia 22182 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAJORITY HOLDINGS INTERNATIONAL B.T., LLC ) <br> JOHNNY TAYLOR, individually ) <br> 9120 Double Diamond Parkway, Suite 2150 ) <br> Reno, Nevada 89251 ) <br> ) <br> OPPORTUNITY INVESTMENT FUND, LLC ) <br> TIMOTHY R. KING, individually ) <br> 930 Tahoe Boulevard, Suite 802-293 ) <br> Incline Village, Nevada 89451 ) <br> ) <br> and ) <br> ) <br> JEFFERY CROWDER ) <br> 132 Sommerton ) <br> Montgomery, Texas 77356 ) <br> ) <br> Defendants. ) | Case No.: <br><br> **2018  17993** |

## COMPLAINT

Plaintiff, Evolved Karomac Vision Corporation, ("EKVC"), through undersigned counsel, requests this Honorable Court grant judgment in its favor jointly and severally against Defendants Majority Holdings International B.T., LLC., Johnny Taylor, Opportunity Investment Fund, LLC, Timothy R. King and Jeffery Crowder, for its

compensatory damages in the amount proved at trial, punitive damages, attorneys' fees and costs. In support of its Complaint, Plaintiff avers:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under the Promissory Note and Collateral Agreement dated June 1, 2018 referenced as Exhibits 1 and 2 because they provide for the enforcement of the note in this court. This Court has jurisdiction over the defendants pursuant to Section 8.01-328.1 of the code of Virginia, and venue is properly found in Fairfax County, Virginia, where all of defendant's alleged wrongdoing and Plaintiff's damages occurred in accordance with the provisions of Section 8.01-257 *et seq.* of the Code of Virginia.

## PARTIES

2. Plaintiff Evolved Karomac Vision Corporation, ("EKVC") is a Virginia corporation, located in Reston, Virginia, formed for the purpose of engaging in general commercial business enterprises including several projects in Fairfax County, Virginia.

3. Defendant Majority Holdings International B.T., LLC ("MHBT"), upon information and belief, is a limited liability company organized under Nevada law engaged in the business of financial consulting including providing funding for large construction projects throughout the United States.

4. Defendant Johnny Taylor ("Taylor"), upon information and belief, resides in Reno, Nevada, and was at all relevant times the managing member of MHBT.

5. Defendant Opportunity Investment Fund, LLC ("OIF"), upon information and belief, is a limited liability company organized under Nevada law engaged in the business of developing large all-season resorts throughout the western United States.

6. Defendant Timothy R. King ("King"), upon information and belief, resides in Incline Village, Nevada, and was at all relevant times the managing member of OIF.

7. Defendant Jeffery Crowder ("Crowder"), upon information and belief, resides in Montgomery, Texas, and was at all relevant times involved in several commercial real estate developments with the other defendants including Messrs. Taylor and King.

## STATEMENT OF FACTS

8. On June 1, 2018, the Defendants King, Taylor and Crowder collectively approached and convinced the managing member of EKVC, through its representative Sherwood Capital Corporation, to lend them a large sum of money for a bridge loan related to a resort development project the defendants were going to collectively develop. The defendants represented the bridge loan was required for transaction costs to procure a larger amount of funding from which the Plaintiff's loan would be repaid no later than July 15, 2018 with an incentive/success fee of $150,000.

9. In order to induce the Plaintiff to make the loan, Defendants agreed to provide as collateral a total of twelve (12) lots owned by the defendant Jeffrey Crowder located in the Bentwater Master-Planned Community in Montgomery, Texas. The defendants represented the lots were owned "FREE AND CLEAR" by the defendant Jeffrey Crowder and valued at approximately $900,000. The Collateral Agreement required plaintiff as the lender to first provide notice to the defendant collateral provider and an "option to the Collateral Provider" to rectify said default of the unpaid loan balance" which notice has been duly provided. *See* Exhibit 3. Despite such notice, the Defendants have failed to repay the promissory note and their default remains unremedied for some three (3) months now.

3

10. Due to defendants' failure to cure their default and repay all sums as due under the promissory note, the plaintiff has lost several business opportunities including bridge loans for other large commercial real estate development projects causing plaintiff substantial money damages including loss profits and damage to its reputation.

11. To date, the plaintiff has lost at least three high quality projects due to defendants' failure to return funds borrowed from the plaintiff when due.

## COUNT I

## (BREACH OF CONTRACT)

12. Plaintiff realleges, and incorporates herein by reference, the allegations contained in paragraphs 1 through 11 above, as though fully set forth herein.

13. Plaintiff and the Defendants MBHT, OIF, Taylor, King and Crowder entered into an enforceable collateral agreement and promissory noted dated June 1, 2018, supported by adequate consideration, to provide the Defendants with $350,000 for a large commercial real estate development project. The Plaintiff duly remitted the $350,000 to the defendants. All named Defendants are guarantors and individually liable for the promissory note. The above-named defendants have breached the promissory note and the collateral agreement by failing to make payment despite repeated promises.

14. As a direct and proximate result of Defendants' collective actions and breach of the promissory note, Plaintiff demands damages of $500,000, including all accumulated interest under the promissory note, plus all attorneys' fees and costs from July 15, 2018, as provided in the note.

WHEREFORE, Plaintiff EKVC., requests this Honorable Court enter a judgment in its favor and against Defendants Opportunity Investment Fund, LLC, Majority Holdings

International B.T., LLC, Johnny Taylor, Timothy King, and Jeffrey Crowder, jointly and severally, for its compensatory damages in the amount proved at trial, but no less than $500,000. Plaintiff further requests this Court enter judgment against Defendants for their breach of contract, court costs, reasonable attorneys' fees and such other relief as this Court deems appropriate.

## COUNT II

### (STATUTORY CONSPIRACY)

15. Plaintiff realleges, and incorporates herein by reference, the allegations contained in paragraphs 1 through 14 above, as though fully set forth herein.

16. Pursuant to Va. Code Ann. §§ 18.2-499-500, Defendants mutually undertook, combined, agreed, or acted in concert together in performing the actions described above.

17. In fraudulently inducing the plaintiff to lend them funds, Defendants acted for the purpose of willfully and maliciously injuring Plaintiff in its business, trade or profession by inducing EKVC to lend money for a bridge loan on its resort development projects. The defendants either knew or should have known, prior to entering into the agreement, that their funding would not be complete in time to repay EKVC its funds in the time promised by defendants.

18. As a direct and proximate result of Defendant's collective actions and conspiracy, Plaintiff has been injured in its trade, business or profession in an amount well in excess of $1,050,000.00

WHEREFORE, Plaintiff EKVC., requests this Honorable Court enter a judgment in its favor and against Defendants Opportunity Investment Fund, LLC, Majority Holdings International B.T., LLC, Johnny Taylor, Timothy King, and Jeffrey Crowder, jointly and

severally, for its compensatory damages in the amount proved at trial, but no less than $1,050,000. Plaintiff further requests this Court enter judgment against Defendants disgorging them of any profits earned by their wrongful conduct, award punitive damages in the amount of $350,000.00, court costs, reasonable attorneys' fees and such other relief as this Court deems appropriate.

Respectfully submitted,

EVOLVED KAROMAC VISION
CORPORATION

_/s/ Zach Miller_

Zach Miller, Esq.
VSB No. 85860
McClanahan Powers, PLLC
8133 Leesburg Pike, Suite 130
Vienna, Virginia 22182
Tel: (703) 520-1326
zmiller@mcplegal.com
*Counsel for Plaintiff*

IMPORTANT NOTICE – THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

## PROMISSORY NOTE

$350,000.00

May 31, 2018
Vienna, Virginia

FOR VALUE RECEIVED, **Opportunity Investment Fund, LLC (OIF)** (a Nevada LLC), located at 930 Tahoe Blvd. Suite 802-293, Incline Village NV 89451, and **Majority Holdings International B.T., LLC** (MHI) (a Nevada LLC), located at 9120 Double Diamond Parkway, Suite 2150, Reno, Nevada 89251 (hereinafter collectively referred to as the "Makers"), jointly and severally promise to pay to the order of Evolved Karomac Vision Corporation (the "Holder"), at 8133 Leesburg, Suite 400, Vienna, Virginia 22182, or at such other place as the Holder may from time to time designate, in lawful money of the United States of America which at the time of payments shall be legal tender for public and private debts, the principal sum of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) (the "Principal Balance") with an origination fee and accrued interest of $150,000.00 (One Hundred Fifty Thousand dollars) within 45 (forty-five) days from the date of this Promissory Note. The total repayment of this Promissory Note is $500,000.00 (Five Hundred Thousand dollars) payable on or before July 15, 2018, after which time interest will accrue on the note at twelve percent (12%) per annum until paid. The outstanding principal, fees and all other sums payable hereunder, shall be paid in lawful money of the United States of America on or before July 15, 2018, unless extended under the same terms and conditions as set forth herein.

SECURITY: This Promissory Note is guaranteed by the individual principals of the Makers and the associated Cougar Canyon property assets and the JV for such property being acquired and developed by Opportunity Investment Fund, LLC (OIF) and Clear Lake Development Company (CLDC) (the resort developers) and agree to further backstop the $350,000.00 (fifteen thousand dollars) Promissory Note to the Note Holder. The Promissory Note is further secured by lots pledged in the Collateral Agreement attached as Exhibit A.

Any payment tendered in other than lawful money of the United States of America and in immediately available funds shall be accepted by the Holder subject to collection, and interest shall accrue on such payment until the business day on which the Holders receive the payment so tendered in lawful money of the United States in immediately available funds. No payment shall be deemed made by the Makers until the Holder has received such payment in immediately available funds. All payments received by the Holder on account of this Note shall be applied by the Holder as follows: first, to accrued and unpaid interest; second, to the payment of late charges, fees, costs and interest; and third, to the reduction of principal.

EXHIBIT

1

Holder shall forebear in the collection of any delinquent payment from Makers until after the expiration of the fifth (5th) day after the installment is due, but nothing in this Note shall be construed as an express or implied agreement by Holder to forebear in the collection of any delinquent payment from Makers after the occurrence of any other "event of default", or be construed in any way of giving Makers the right, express or implied, to fail to make timely payment hereunder, whether upon payment of such damages or otherwise.

This Note may be prepaid, in whole or part, at any time without penalty.

Failure to make any payment of any installment due hereunder by the fifth (5th) day after the installment is due, and failure of the Makers to perform and comply with the terms of the Settlement Agreement entered into between the Parties as of this date and this Note shall be deemed an "event of default."

Anything in this Note to the contrary notwithstanding, the Holder may, at its option, accelerate the maturity of the Total Payment Amount in the event of the occurrence or happening, from time to time, of any or more of the following:

(a) If a trustee, receiver or liquidator of Makers shall be appointed by the order of a court of competent jurisdiction, and such order shall not be discharged or dismissed within sixty (60) days after such appointment; or

(b) If Makers shall file a petition in bankruptcy or for an arrangement or for reorganization pursuant to the Federal Bankruptcy Code or any similar law, federal or state, or if Makers shall be adjudicated bankrupt, or be declared insolvent by decree of a court of competent jurisdiction, or shall make an assignment for the benefit or creditors, or shall admit in writing their inability to pay its debts generally as they become due, or shall consent to the appointment of a receiver or receivers of all or any part of its property; or

(c) If any of the creditors of Makers or any other person shall file a petition in bankruptcy against Makers, or for reorganization of Makers, pursuant to the Federal Bankruptcy Code or similar law, federal or state, and if such petition shall not be discharged or dismissed within sixty (60) days after the date of which such petition was filed; or

(d) If final judgment for the payment of money shall be rendered against Makers, and Makers shall not discharge the same or cause it to be discharged within thirty (30) days from the entry thereof, or shall not appeal therefrom or from the order, decree or process upon which or pursuant to which said judgment was granted, based or entered, and secure a stay of execution pending such appeal; or

(e) If any representation or warranty made by Makers under or pursuant to this

2

Note or the Security Agreement shall prove to have been false or misleading in any material respect as of the date on which such representation or warranty was made.

Should either party prevail on any litigation or part of any litigation relating to enforcement of this Note, the prevailing party shall be entitled to all of his costs, including reasonable attorneys' fees, that it incurred in the course of that litigation, or that part of his costs applicable to the issues on which he prevailed.

Following Makers' failure to make any payment of any installment due hereunder by the fifth (5th) day after the installment is due, Makers further authorize and empower any attorney to appear for them in any court of record in the United States or elsewhere, without prior notice or demand for payment, to waive the issuance of service of process, and to confess judgment against Makers in favor of Holder, or any other party then entitled to enforce the term of this Note, for such amount, including principal, interest, reasonable attorneys' fees, other fees and costs, as Makers may be liable to Holder by reason of this Note.

No failure on the part of the Holder to exercise any right or remedy hereunder after the happening of an event of default shall constitute a waiver thereof, and no waiver of any past default shall constitute a waiver of any future default or of any other default.

No failure to accelerate the Total Payment Amount by reason of a default hereunder or the occurrence of an event of default, or the acceptance of a past due installment, or any indulgence granted from time to time shall be (a) construed to be a waiver of the right (i) to insist upon prompt payment thereafter or (ii) to impose "late charges," (b) deemed to be a (i) novation of this Note, (ii) reinstatement of the debt evidenced hereby or (iii) waiver of such right of acceleration or any other right, or (c) construed so as to preclude the exercise of any right which Holder may have, whether by virtue of the laws of the jurisdiction governing this Note, by agreement or otherwise.

The acceptance by Holder of any payment hereunder which is less than payment in full of all amounts due and payable at the time of such payments shall not (a) constitute a waiver of the right to exercise any of the rights and remedies hereunder at that time or at any subsequent time or an accord and satisfaction or (b) nullify any prior exercise of any such right or remedy without the express written consent of Holders.

Makers hereby expressly waive the benefit of any statute or rule of law or equity that would produce a result contrary to or in conflict with the foregoing. As to this Note, Makers waive all applicable exemption rights, whether under any state constitution, Homestead laws or otherwise. Makers further waive any right to trial by jury in any action or proceeding brought on or with respect to this Note.

The Maker/Debtor hereby irrevocably appoint BEHNAM NEEKZAD as their attorney-in-fact pursuant to §§8.01-432 through 440, *Code of Virginia* 1950 (as amended) and as in effect on the date of this Note. After a default under this Note, the Debtors hereby authorize such attorney-in-fact to appear in the Office of the Clerk of the Circuit Court of

Fairfax County, Virginia, and confess judgment in favor of the Holder and against the Debtors, without prior hearing, for the full amount due hereunder, including the full amount of the outstanding principal, plus interest (both accrued and accruing), late charges, all costs of collection and attorneys' fees all as set forth hereinabove. The authority and power to appear for and enter judgment against the Debtors shall not be exhausted by one or more exercises thereof, or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto. Such authority and power may be exercised on one or more occasions, from time to time, as often as the Creditor shall deem necessary or desirable, for all of which this Note shall be a sufficient warrant.

In the event any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Note, but this Note shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

This Note may not be changed orally but only by an agreement in writing and signed by the parties against whom enforcement of any waiver, change, modification, or discharge is sought.

THIS NOTE SHALL BE GOVERNED IN ACCORDANCE, WITH THE LAWS OF THE COMMONWEALTH OF VIRGINIA.

IN WITNESS WHEREOF, Makers have executed this Note the year and day first above written.

OPPORTUNITY INVESTMENT FUND, LLC        TIMOTHY KING, Individual Guarantor

By: _____        _____
    Timothy King, Managing Member            Timothy King, Individually

MAJORITY HOLDINGS                        JOHNNY TAYLOR
   INTERNATIONAL B.T., LLC

By: _____        _____
    Johnny Taylor, Managing Member           Johnny Taylor, Individually

4

# COLLATERAL AGREEMENT

This *COLLATERAL AGREEMENT* is entered by and between Evolved Karomac Vision Corporation (referred to hereafter as "Lender") regarding a certain loan made to the Opportunity Investment Fund, LLC and Majority Holdings International B.T. LLC dated 6/1/18 ("Borrower") as is being collateralized via the listed hard assets of Jeff Crowder of 132 Somerton, Montgomery, Tx 77356 ("Collateral Provider")

## RECITALS

**WHEREAS**, Borrower has borrowed Three Hundred and Fifty Thousand Dollars ($350,000.00) "net proceeds" for the exclusive purpose of paying fees to Credit Swiss and or Euroclear from Lender as evidenced by Promissory note dated and filed; and,

**WHEREAS**, Borrower, with permission and acceptance of Collateral Provider, hereby grants a first-priority lien position to be placed in the event of default to Lender on a set of real property hard assets owned free and clear by Collateral Provider on "up to" Twelve (12) real property land assets (improved lots) listed and made part of this agreement on stated property in the development known as Bentwater Master Planned Community in Montgomery Texas. Subject lots may be amended per mutual agreement of the parties so long as collateral exceeds 200% of loan amount.

**WHEREAS**, the collateral assets are owned FREE AND CLEAR by Collateral Provider and are hereby pledged to secure the loan in the amount of $350,000 (net proceeds) allowing the Borrower to complete and fulfill a Joint Venture Agreement (JVA) and capitalization transaction with Majority Holdings International B.T., LLC and Texas Cross Group LLC DE; and,

**WHEREAS**, the Lender has agreed to a certain lien position, as so provided by the Collateral Provider, concerning the subject property which is described herein. The Collateral Provider shall be granted a FIRST OPTION AND FIRST RIGHT OPTION to pay direct to Lender the stated value of each parcel as Provider sells or establishes individual contract for parcel sale prior to loan payoff in full.

**Legal Description:** The land and improvements associated to the real estate land holdings being so pledged are in the Bentwater Master-Planned Community located in Montgomery Texas as so listed below

Pledged Collateral    Average

|   | Address | Market Value | Section | Block | Lot | Survey |
|---|---|---|---|---|---|---|
| 1 | 71 Ruskin | $60,000.00 | 1 | 4 | 7 | yes |
| 2 | 165 Wick Willow | $60,000.00 | 12 | 3 | 26 | yes |
| 3 | 203 Hampton Glenn | $60,000.00 | 37 | 1 | 11 | yes |
| 4 | 27 Newberry | $60,000.00 | 5 | 2 | 39 | yes |
| 5 | 213 Blue Hill | $60,000.00 | 37 | 2 | 10 | yes |
| 6 | 000 Somerton | $60,000.00 | 1 | 2 | 30 | yes |
| 7 | 86 Camden Hills | $60,000.00 | 29 | 1 | 5 | yes |
| 8 | 107 Camden Hills | $60,000.00 | 29 | 2 | 22 | yes |
| 9 | 80 Camden Hills | $60,000.00 | 29 | 1 | 6 | yes |
| 10 | 14 Highland Point | $60,000.00 | 33 | 1 | 4 | yes |
| 11 | 121 Bermuda | $60,000.00 | 5 | 2 | 9 | yes |
| 12 | 102 Bermuda | $60,000.00 | 5 | 2 | 12 | yes |

COLLATERAL AGREEMENT

JC 6-7-18

EXHIBIT 2

Scanned with

| $720,000.00 | | | |
|---|---|---|---|

WHEREAS, Lender, Borrower and Collateral Provider agree to be bound by the terms and conditions of this Conditional Collateral Agreement.

## IT IS, THEREFORE AGREED AS FOLLOWS:

### 1. DESCRIPTION OF LOAN.

Evolved Karomac Vision Corporation has loaned Three Hundred and Fifty Thousand Dollars ($350,000.00) to the Borrower, and the Borrower has executed a Promissory Note granting a priority lien position in favor of the Lender and encumbering said properties as conveyed per this Collateral Agreement in the event of loan default. Said priority (first-lien) encumbrance shall be filed in the records of Montgomery County Recorder as necessary and applicable, encumbering said Property.

### 2. SHARED PRIORITY POSITION WITH RESPECT TO THE COLLATERAL.

Lender agrees that the Lenders' first lien position against the Property evidenced by the above shall recognize a SUBORDINATE POSITION being granted and acknowledged to the Collateral Provider whereby such party shall be granted first option and notice provisions if loan default occurs and/or if Collateral Provider is to enter into contract for sale of individual parcels in its normal course of business as follows:

   a) In the event of a default ... e Loan Agreement and/or Promissory Note, as separately executed bet ... rrower and the Lender, the Lender agrees that their first-lien priority  ... be filed and first require notice and option to the Collateral Provider to ... default of the unpaid loan balance at the time of said foreclosure proceeding.

   b) Further, in the event that the Collateral Provider enters into a contract for sale of any individually named/listed parcel prior to Loan pay-off by Borrower, the Collateral Provider shall be granted release of first position lien of the Lender via payment to the Lender of the listed value of $60,000.00 per parcel.

### 3. ACTION AGAINST COLLATERAL.

In the event the Lender is unable to collect on the subject loan after exercising reasonable efforts to do so, and the Lender desires to exercise its rights against the collateral, the Lender agrees to give prompt notice to the Collateral Provider to rectify applicable default prior to taking any action. To the extent action is commenced against the collateral, the Lender shall accrue the income and expense incurred during the collection process, including all necessary expenses incurred in payment of taxes, insurance premiums, waste prevention, repairs, maintenance, improvements, management, foreclosure, attorney's fees, and other similar expenses, with such expenses deemed appropriate and due to Lender accordingly.

**SIGNATURE PAGE FOLLOWS**

/C_1.18

Scanned with CamScanner

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date set beside their signatures below.

**LENDER:**

Name: Behzad _____ _____  DATE: June 1, 2018
Title: President of Evshad Kawmac Vision Corp

**BORROWER:** Opportunity Investment Fund, LLC

Name: Timothy King
Title: Manager Member

DATE: June 1, 2018

**COLLATERAL PROVIDER:** Jeffrey Crowder

Name: Jeffery Crowder
Title: Managing Member

DATE: June 1, 2018

COLLATERAL AGREEMENT

3

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date set beside their signatures below.

LENDER

_____ DATE _____
Name:
Title:

BORROWER: Opportunity Investment Fund, LLC

*[signature]*

_____ DATE June 7, 2018
Name: Timothy King
Title: Manager Member

COLLATERAL PROVIDER: Jeffery Crowder

*[signature]*

_____ DATE June 7, 2018
Name: Jeffery Crowder                               6-7-18
Title: Managing Member

Scanned with CamScanner