# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| EVOLVED KAROMAC VISION CORPORATION,<br>Plaintiff,<br><br>v.<br><br>MAJORITY HOLDINGS INTERNATIONAL B.T., LLC, *et al.*,<br>Defendants. | Civil Action No. 1:19-cv-269 |

## ORDER

This case arises from defendants' alleged failure to repay a sum of $350,000 loaned by plaintiff, in violation of a promissory note signed by the parties. On January 29, 2020, United States Magistrate Judge Michael S. Nachmanoff entered a Report and Recommendation ("Report") in this case, recommending that default judgment be entered against defendants Majority Holdings International B.T., LLC ("MHI") and Johnny Taylor and in favor of plaintiff Evolved Karomac Vision Corporation.

Upon consideration of the record and the Magistrate Judge's Report, to which no objections have been filed, and having found no clear error,[1]

The Court **ADOPTS**, as its own, the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the Report (Dkt. 78).

Accordingly,

It is hereby **ORDERED** that plaintiff's motion for default judgment (Dkt. 56) is **GRANTED**.

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

It is further **ORDERED** that default judgment is entered against defendants Majority Holdings International B.T., LLC and Johnny Taylor and in favor of plaintiff Evolved Karomac Vision Corporation on Count I of the Second Amended Complaint in the amount of $600,000, which consists of: (i) $500,000 in compensatory damages comprising $350,000 in loan principal balance and $150,000 in origination fee; and (ii) $100,000 in accrued interest as of February 15, 2020.[2]

It is further **ORDERED** that default judgment is entered against defendants Majority Holdings International B.T., LLC and Johnny Taylor and in favor of plaintiff Evolved Karomac Vision Corporation on Count II of the Second Amended Complaint in the amount of $1,500,000, which consists of $500,000 in compensatory damages trebled pursuant to Va. Code § 18.2-500.

It is further **ORDERED** that plaintiff Evolved Karomac Vision Corporation is awarded $18,482.39 in attorney's fees and costs, which consists of: (i) $17,010.00 in attorney's fees; and (ii) $1,472.39 in costs.

The Clerk of the Court is directed to enter Rule 58 judgment against defendants Majority Holdings International B.T., LLC and Johnny Taylor and in favor of plaintiff Evolved Karomac Vision Corporation in the amount of $1,518,482.39, which consists of: (i) $1,500,000.00 on Count II as described above; (ii) $17,010.00 in attorney's fees; and (iii) $1,472.39 in costs.[3]

---

[2] Calculated as $500,000 at 12% interest per annum over twenty (20) months. The interest calculation runs from the date of default, July 15, 2018, until the date of judgment.

[3] The Magistrate Judge's Report does not address whether the damage awards in Count I and Count II should be cumulative. The damages should not be cumulative because to do so would constitute impermissible double recovery. Under Virginia law, courts "must consider the nature of the claims involved, the duties imposed[,] and the injury sustained...in determining whether multiple damage awards constitute impermissible double recovery." *Wilkins v. Peninsula Motor Cars, Inc.*, 266 Va. 558, 561 (2003) (citing *Advanced Marine Enterprises v. PRC Inc.*, 256 Va. 106, 124 (1998)). The Supreme Court of Virginia has made abundantly clear that "when the claims, duties, and injuries are the same, duplicative recovery is barred." *Id.* Particularly instructive here, the Supreme Court of Virginia concluded in *Wilkins* that a plaintiff awarded compensatory and punitive damages for both his Virginia Consumer Protection Act claim and his common law fraud claim was only entitled to one award of compensatory damages and one award of punitive damages because the injury was the same for both claims. *See id.* at 561-62

The Clerk is further directed to send a copy of this Order to plaintiff and to defendants Majority Holdings International B.T., LLC and Johnny Taylor at the address(es) listed in the case file, and to any counsel of record.

Alexandria, Virginia
February 19, 2020

/s/
T. S. Ellis, III
United States District Judge

---

("This case does not present irreconcilable causes of action which would require Wilkins to elect between them. Rather, this case involves causes of action with different elements of proof and potentially duplicative damage awards. In these circumstances, Wilkins is entitled to full and fair compensation but not duplicative compensation."). These principles, applied here, mandate that Plaintiff can only recover one award of compensatory and punitive damages in this case because the injury that plaintiff suffered is the same for both the breach of contract claim and the statutory conspiracy claim, namely defendants' failure to repay the loan. Accordingly, the Rule 58 judgment in this case includes only the larger award of compensatory and punitive damages in Count II and the award of attorney's fees and costs.